✒ JS-44 (Rev 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Amco Insurance Company

## DEFENDANTS

Brian Yohe and Jill Yohe

**(b)** County of Residence of First Listed Plaintiff     Des Moines, IA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant     York County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

James Cole, Marshall, Dennehey, Warrner, Coleman & Goggin, 10 N. Main St., 2nd Fl., Doylestown, PA 18901; 267-880-2026

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/ PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits.<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 195 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury – Med Malpractice<br>☐ 365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>*PROPERTY RIGHTS*<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| | | | *LABOR*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | *SOCIAL SECURITY*<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>*FEDERAL TAX SUITS*<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing / Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer.. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **IMMIGRATION**<br>☐ 426 Naturalization Application<br>☐ 463 Habeas Corpus – Alien Detainee<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. §1332

Brief description of cause:
Complaint for Declatory Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $    Declaratory Judgment

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes    ☐ No

**VIII. RELATED CASE(S)**

(See instructions)    JUDGE _____    DOCKET NUMBER _____

DATE _____    1|8|15    SIGNATURE OF ATTORNEY OF RECORD
JHC4273

FOR OFFICE USE ONLY

| RECEIPT # | | AMOUNT | | APPLYING IFP | | JUDGE | | MAG. JUDGE | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By: James H. Cole, Esquire
Attorney I.D. #84039
10 North Main Street, 2nd Floor        Attorney for Plaintiff
Doylestown, PA 18901
(267)-880-2026
jhcole@mdwcg.com

---

### THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMCO INSURANCE COMPANY**<br>**1100 Locust Street**<br>**Des Moines, IA 50391-1100** | :<br>:<br>: |
| **v.** | : |
| **BRIAN YOHE AND JILL YOHE**<br>**705 Broadway**<br>**Hanover, PA 17331-2014** | :<br>:<br>: |

### DECLARATORY JUDGMENT COMPLAINT

### The Parties

1.      Plaintiff, Amco Insurance Company, is a corporation licensed to do business in

Pennsylvania with a principal place of business located at 1100 Locust Street, Des Moines, IA

50391.

2.      Brian Yohe and Jill Yohe are Pennsylvania residents residing at 705 Broadway,

Hanover, PA 17331.

### Jurisdiction And Venue

3.      This Honorable Court has diversity and jurisdiction pursuant to 28 U.S.C. §1332,

as the parties are citizens of different states and the amount in controversy exclusive of interest

and cost exceeds the sum of $75,000.00.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a), as the

subject property is located within the judicial district and the policies of insurance giving rise to

the litigation were issued to the insureds insuring property located within this judicial district.

## Factual Background

5.      Amco Insurance Company originally issued a homeowners' policy of insurance to

Brian Yohe and Jill Yohe on February 7, 2014, with total potential limits for structural contents

of $300,390.00.

6.      Prior to the issuance of the policy, in the summer of 2013, in anticipation of

remodeling the kitchen, Ms. Yohe wrote and drew pictures on the kitchen walls and fixtures.

7.      As of the date of the fire, no renovation or repair work had been completed to the

kitchen, and the "graffiti" remained throughout the kitchen.

8.      The home is deeded to Brian Yohe and his ex-wife, Kathleen Smith.

9.      While Brian Yohe and Jill Yohe wish to refinance the property to remove

Kathleen Smith's name from the mortgage and Deed, they are unable to do so because of credit

issues.

10.     On May 9, 2014, Brian Yohe left the subject property for work at approximately

5:30 a.m.

11.     On May 9, 2014, Jill Yohe left the subject property for work at approximately

6:00 a.m.

12.     Despite not having to be in work until 7:00 a.m., Ms. Yohe arrived at work on the

subject date at 6:15 a.m.

13.     When Jill Yohe left for work, the doors to the home were locked and secured.

14.     On May 9, 2014, at 6:00 a.m., all of the keys to the home were accounted for.

15.     At 6:55 a.m., smoke was reported from the home by a passerby, who alerted authorities.

16.     Upon the fire department's arrival, the house was locked and the fire department had to force entry to gain access to the home.

17.     Multiple fires were extinguished, and found to have been incendiary in origin.

18.     Four points of origin were discovered inside the home as follows:

    a.    the southeast corner of the living room where a bench was completely consumed;

    b.    the basement ceiling joist were a Pittsburgh Steelers' blanket that was usually stored on the living room bench, was stuffed into the basement ceiling joist and set on fire;

    c.    a mattress in the southeast corner of the basement was set on fire; and

    d.    a wooden crate in the basement with a blanket draped on top of it was set on fire.

19.     All four points of origin were separate and non-communicating.

20.     It is asserted upon information and belief that arson detecting dogs detected flammable liquids in two of the four points of origin.

21.     Four separate fires were intentionally set in the home.

22.     Jill Yohe was admittedly in the house less than one hour before the fires were discovered.

23.     There were no signs of forcible entry to the house prior to the fire department's arrival.

## COUNT I
## DECLARATORY JUDGMENT ACTION

24.     Plaintiff incorporates by references paragraphs one through twenty-three(1.-23.) as though fully set forth herein at length.

25.     The subject policy contains the following policy language:

## SECTION I – PERILS INSURED AGAINST

A.      **COVERAGE A – Dwelling And COVERAGE B – Other Structures**

    1.      We insure against risk of direct physical loss to property described in Coverages **A** and **B.**

* * *

## SECTION I – EXCLUSIONS

**8.      Intentional Loss**

Intentional loss means any loss arising out of any act an "insured" commits, or conspires to commit with the intent to cause a loss.

In the event of such loss, no "insured" is entitled to coverage, even "insureds" who did not commit or conspire to commit the act causing the loss.

* * *

## SECTION I – CONDITIONS

**Q.      Concealment Or Fraud**

We provide coverage to no "insureds" under this policy if, whether before or after a loss, an "insured" has:

    1.      Intentionally concealed or misrepresented any material fact or circumstance;

    2.      Engaged in fraudulent conduct; or

    3.      Made false statements;

relating to this insurance.

*[See certified policy attached hereto as Exhibit "A."]*

26.     Plaintiff owes no duty to indemnify as the intentional fire does not constitute an accidental direct physical loss.

27.     Additionally, the subject claim is excluded as at least one of the named insureds intentionally caused the subject fires.

28.     Defendants breached the policy conditions by intentionally concealing and misrepresenting material facts and circumstances, engaged in fraudulent conduct and made false statements relating to this insurance.

29.     Plaintiff has been prejudiced by the Defendants' breach of the policy conditions.

30.     Due to the breach of the policy conditions and the applicable exclusions pursuant to said policy, Plaintiff respectfully requests this Honorable Court declare the subject policy void and declare that no coverage exists under said policy for the subject loss.

**WHEREFORE**, Plaintiff, Amco Insurance Company, respectfully requests this Honorable Court declare the subject policy void and that no coverage exists due to Defendants' breach of the policy conditions and the applicable exclusions pursuant to said policy.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

By: _____
James H. Cole, Esquire
Attorney I.D. #84039
10 N. Main Street, 2nd Floor
Doylestown, PA 18901
(267)-880-2026
jhcole@mdwcg.com

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By: James H. Cole, Esquire
Attorney I.D. #84039
10 North Main Street, 2nd Floor                    Attorney for Plaintiff
Doylestown, PA 18901
(267)-880-2026
jhcole@mdwcg.com

_____

### THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF PENNSYLVANIA

**AMCO INSURANCE COMPANY**          :
**1100 Locust Street**              :
**Des Moines, IA 50391-1100**       :
                **v.**              :
**BRIAN YOHE AND JILL YOHE**        :
**705 Broadway**                    :
**Hanover, PA 17331-2014**          :


### CERTIFICATE OF SERVICE

I, James H. Cole, Esquire, hereby certify that a true and correct copy of the Declaratory Judgment Complaint was served on the below listed date, by first class mail, postage prepaid, to the following addresses:

Charles T. Young, Esquire
Griffith, Strickler, Lerman, Solymos & Calkins
110 S. Northern Way
York, PA 17402-3737

                                    **MARSHALL, DENNEHEY, WARNER,**
                                    **COLEMAN & GOGGIN**

                          By: _____
                                    James H. Cole, Esquire
                                    Attorney I.D. #84039
                                    10 N. Main Street, 2nd Floor
                                    Doylestown, PA 18901
                                    (267)-880-2026
                                    jhcole@mdwcg.com


Date:   01/08/2015