MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
By: James H. Cole, Esquire
Attorney I.D. #84039
10 North Main Street, 2nd Floor    Attorney for Plaintiff
Doylestown, PA 18901
(267)-880-2026
jhcole@mdwcg.com

---

## THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMCO INSURANCE COMPANY : | |
| 1100 Locust Street : | |
| Des Moines, IA 50391-1100 : | 1:15-cv-00053 |
| v. : | |
| BRIAN YOHE AND JILL YOHE : | (Chief Justice Conner) |
| 705 Broadway : | |
| Hanover, PA 17331-2014 : | |

### PRETRIAL MEMORANDUM OF AMCO INSURANCE COMPANY

Plaintiff, AMCO Insurance Company, by and through its attorneys Marshall, Dennehey, Warner, Coleman & Goggin and James H. Cole, Esquire hereby submits its Pretrial Memorandum.

### A. BRIEF STATEMENT REGARDING FEDERAL COURT JURISDICTION

This Honorable Court has diversity jurisdiction over this Declaratory Judgment action pursuant to 28 U.S.C. §1332, as the parties are citizens of different states and the amount in controversy exclusive of interest and cost exceeds the sum of $75,000.00. Plaintiff, AMCO Insurance Company, is a corporation with a principal place of business located at 1100 Locust Street, Des Moines, IA 50391. Brian Yohe and Jill Yohe are Pennsylvania residents residing at 705 Broadway, Hanover, PA 17331.

## B. BRIEF SUMMARY OF FACTS

This matter involves a fire loss that occurred on May 5, 2014 at the property of Defendants, Brian and Jill Yohe. Subsequently, Defendants filed a claim seeking coverage for their loss under their AMCO Insurance Company homeowners insurance policy. After completing an investigation into the loss, Plaintiff filed a Declaratory Judgment Complaint seeking a declaration from the court that no coverage exists for the loss due to Defendants' breach of the policy conditions and the applicable exclusions under the insurance policy.[1]

When AMCO received notice of the loss it retained a cause and origin expert to complete an examination. Robert Rice Jr. of Maltase Fire Investigations conducted his inspection on May 9th and 13th, 2014. While conducting an interior examination, Mr. Rice determined that the fire originated in four separate, distinct and non-communicating locations. The file was ruled incendiary.

The Pennsylvania State Police conducted its own investigation and determined that the fire had started in four separate locations and had been intentionally set.

Although Defendant, Jill Yohe, is a named insured on the policy, she was not on the deed. Instead, the house was deeded to Brian Yohe and his ex-wife, Kathleen Smith. Brian Yohe's credit precluded him from refinancing the mortgage to have his ex-wife, Kathleen Smith, removed from the loan. Ms. Smith told detectives that the deed to the subject property remained in her name and she would not sign it over to Brian Yohe.

---

[1] It should be noted that the claim has not been denied; instead, the Declaratory Judgment Complaint was filed so that a coverage determination could be made. It is well settled in Pennsylvania that the filing of a declaratory judgment action is not a denial of a claim. See, Stidham v The Millvale Sportsmen's Club, 618 A.2d 945 (Pa. Super. 1992).

The subject fire of May 5, 2014 was intentionally set. Jill Yohe arrived at Rutter's convenience store at 6:03 a.m. on May 5, 2014. Jill Yohe arrived at work between 6:10 and 6:15 a.m. on May 5, 2014. A neighbor, Katie Pandoli, smelled smoke at 6:20 a.m.. The fire call went out at 6:54 am. Police did not observe any signs of forcible entry.

## C. UNDISPUTED FACTS

The parties agree that the following facts are undisputed:

1) The subject fire of May 5, 2014 was intentionally set.

2) Jill Yohe arrived at Rutter's convenience store at 6:03 a.m. on May 5, 2014.

3) Jill Yohe arrived at work between 6:10 and 6:15 a.m. on May 5, 2014.

4) The fire call went out at 6:54 am. on May 5, 2014.

5) The property was deeded to Brian W. Yohe and Kathleen L. Yohe (now Smith).

6) The subject AMCO Insurance Company policy # HOM 0045960401 was in full force and effect on May 5, 2014.

## D. BRIEF DESCRIPTION OF DAMAGES

1) Relative to the Dwelling (Coverage A) the damage is as follows:
   o Replacement Cost      $152,918.41
   o Less Depreciation     ($ 23,668.73)
   o Actual Cash Value     $129,249.68

2) Relative to the Personal Property (Coverage C) the damage is as follows:

   o Replacement Cost      $ 43,013.15
   o Less Depreciation     ($ 12,903.94)
   o Actual Cash Value     $30, 109.21

## E. WITNESSES

| Witness | Address |
| --- | --- |
| Jill Yohe | 705 Broadway |

3

| | |
|---|---|
| | Hanover, PA 17331 |
| Brian Yohe | 705 Broadway<br>Hanover, PA 17331 |
| Katie Pandoli | 709 Broadway<br>Hanover, PA 17331 |
| Anthony Pandoli | 709 Broadway<br>Hanover, PA 17331 |
| Sharon Myers | Rutters<br>661 Broadway<br>Hanover, PA 17331 |
| Trooper Bradley Dunham | Pennsylvania State Police<br>110 Trooper Court<br>York, PA 17403 |
| Fire Marshall Dan Nelson | MD State PD Fire Marshall<br>200 Duke St. 1500<br>Prince Frederic, MD 20678 |
| Detective Jared C. Auman | Hanover Borough Police Department<br>44 Frederick Street<br>Hanover, PA 17331 |
| Officer Louis Loucks | Hanover Borough Police Department<br>44 Frederick Street<br>Hanover, PA 17331 |
| Officer John Roser | Hanover Borough Police Department<br>44 Frederick Street<br>Hanover, PA 17331 |
| Sergeant Joseph Bunty | Hanover Borough Police Department<br>44 Frederick Street<br>Hanover, PA 17331 |
| Fireman Joseph Milliken | Penn Township Fire Department<br>20 Wayne Avenue<br>Hanover, PA 17331 |
| Fireman Kenneth Kuhn | Penn Township Fire Department<br>20 Wayne Avenue |

|  | Hanover, PA 17331 |
|---|---|
| Chief Jan Cromer | Penn Township Fire Department<br>20 Wayne Avenue<br>Hanover, PA 17331 |
| Merle Reese | 1550 York Street<br>Hanover, PA 17331 |
| Steve Zinneman | 641 Poplar Street<br>Hanover, PA 17331 |
| Marc Jackson | Nationwide Insurance Company<br>One Nationwide Gateway, Dept. 5867<br>Des Moines, IA 50391-5867 |
| Bob Yanuzzi | Nationwide Insurance Company<br>One Nationwide Gateway, Dept. 5867<br>Des Moines, IA 50391-5867 |
| David Messinger | 232 Main Street<br>McSherrytown, PA 17344 |
| Kathleen Smith | 191 1/2 Second Avenue<br>Hanover, PA 17331 |
| Amber Yohe | 191 1/2 Second Avenue<br>Hanover, PA 17331 |
| Brett Yohe | 705 Broadway<br>Hanover, PA 17331 |
| Tyler Yohe | Simsign Road<br>Hanover, PA 17331 |
| Andrea Damato | 112 E. Hanover Street, 1st Floor<br>Hanover, PA 17331 |
| Nicholas Plaumey | Pennsylvania State Police<br>110 Trooper Court<br>York, PA 17403 |
| Robert Rice | Maltase Fire Investigation<br>P.O. Box 421<br>Granville, WV 26531 |

| Michael Plick, P.E., C.F.E.I., C.VF.I. | Plick & Associates Forensic Engineers<br>221 Woodbine Ave<br>Narberth, PA 19072 |
|---|---|
| Sidney Rubin, P.E., C.F.E.I., C.V.F.I. | Plick & Associates Forensic Engineers<br>221 Woodbine Ave<br>Narberth, PA 19072 |

## F. SUMMARY OF EXPERT WITNESS TESTIMONY

Plaintiff's expert, Robert Rice of Maltese Fire Investigation, is a Certified Fire Investigator, Certified Fire and Explosion Investigator, Pro Board Certified Fire Investigator and a Certified Fire fighter. Mr. Rice will opine as to the cause and origin of the subject fire. Mr. Rice will testify that the fire originated in the living room and in the basement and was a direct result of the human interaction using a open flame. He will further opine that the individual who set the fire had knowledge of the home.

Additionally, Plaintiff's experts, Michael Plick, P.E., C.F.E.I., C.VF.I. and Sydney Rubin, P.E., C.F.E.I., C.V.F.I. of Plick and Associates Forensic Engineers, will testify regarding the electrical and mechanical engineering inspection of the home, which was conducted to determine if an electrical or mechanical malfunction in the subject caused and/or contributed to the fire. Plick and Rubin will testify that none of the electrical or mechanical systems, or associated electrical and mechanical components either caused, and/or contributed to the cause, of the subject fire.

## G. SPECIAL COMMENT ABOUT PLEADINGS AND DISCOVERY

None.

## H. SUMMARY OF LEGAL ISSUES

The jury will be asked to determine whether Jill Yohe misrepresented material facts during the presentation of her claim and whether she intentionally caused the subject fire to be set. Based on the jury's findings, the Court should determine whether coverage exist and, if so, the loss payees. Plaintiff seeks a Declaratory Judgment from the Court that no coverage exists for the subject loss due to Defendants' breach of the policy conditions and the applicable exclusions under the insurance policy.

Plaintiff seeks a Declaratory Judgment on the basis of material misrepresentations made by Mrs. Yohe throughout the presentation of this claim. The AMCO Policy includes a Concealment or Fraud Condition that voids the policy "if, whether before or after a loss an "insured" has engaged in fraudulent conduct, intentionally concealed or misrepresented a material fact or made false statements. The policy also excludes intentional acts.

Pennsylvania courts have held that an insurance policy is void for misrepresentation

> if the insurer establishes the representation was false, that the insured knew that the misrepresentation was false when made or made it in bad faith, and the representation was material to the risk being insured; [and that the] insured made the misrepresentation with a deliberate intent to deceive.

Saracco v. Vigilant Insurance Co., 2000 U. S. Dist. LEXIS 1685 (E.D. Pa. 2000).

In the context of an insurance policy, whether a misrepresentation is material depends on whether the misrepresentation concerns a subject relevant and germane to the insurer's investigation as it was proceeding. Nationwide v. McHale, 1998 U.S. Dist. LEXIS 7974 at 3 (citations omitted); Saracco v. Vigilant Insurance Co., at 18.

7

"[a] misrepresentation will be considered material if a reasonable insurance company in determining its course of action would attach importance to the fact misrepresented." Parasco v. Pacific Indemnity Company, 920 F. Supp. 647 (US. Dist. E.D.P.A. 1996); Saracco v. Vigilant Insurance Co., at 18.

The Parasco Court goes on to set forth:

it thus appears that materiality of false statements is not determined by whether or not the false statements deal with the subject matter later determined to be unimportant .... False sworn answers are material if they might have affected the attitude and action of the insurer. They are equally material if they may be said to have been calculated either to discourage, mislead or deflect from the company's investigation in any area that might seem to the company, at that time, a relative or productive area to investigate.

Parasco v. Pacific Indemnity Company, 920 F. Supp. 647, 654 (US. Dist. E.D.P.A. 1996) (quoting Fine v. Bellefonte Underwriter's Insurance Co., 725 F.2d Cir. 179, 183 (1982).

The misrepresentation in this instance is that Mrs. Yohe has denied her involvement in the fire, when all of the evidence directly links her to the intentionally set fire. Obviously, this is material to the claim being presented.

Plaintiff also seeks a Declaratory Judgment pursuant to the Intentional Loss exclusion contained in the policy. The policy excludes coverage for intentional loss caused by an insured. Intentional loss is defined as "any loss arising out of any act of an "insured" commits or conspires to commit with the intent to cause a loss." One way to establish an intentional act is via the arson defense. Under Pennsylvania law, an insurance company that asserts an arson defense must prove by preponderance of the evidence that:

1.) there was an incendiary fire;

2.) the insured had a motive to destroy the property; and

3.) there was circumstantial evidence linking the insured to the fire.

Saracco v. Vigilant Insurance Co., 2000 U.S. Dist. Lexis 1685.

There is no question that the fire was ruled as incendiary. This has been confirmed by the Fire Marshall, the state and local police and AMCO's expert, Maltase Fire Investigations. While it need not be proven by direct evidence, Mrs. Yohe's motive to set the fire is clearly established through the circumstantial evidence that exists in this case. The current record contains ample circumstantial evidence linking Ms. Yohe to the fire.

With respect to Mr. Yohe's ability to recover, the law is well settled in Pennsylvania that the use of the term "an" or "any" insured in an exclusion is a clear indication that co-insured obligations are joint and wrongful action by one, prohibits recovery by the other. McAllister v. Millville Mutual Insurance Company, 640 A.2d 1283, 1289 (Pa. Super. 1994). The present policy advises that no insured" is entitled to coverage, even insureds who did not commit or conspire to commit the act causing the loss. " This language is a clear indication that an innocent co-insured, in this case Mr. Yohe , may not recover due to the wrongful actions of his wife.

Plaintiff should note that if the jury rejects that Jill Yohe misrepresented material facts or intentionally started the fire, the Court will also be called upon to interpret the policy's Mortgage Clause and determine whether additional payees exist. The subject clause states that if a mortgagee is named in the policy, any loss payable under Coverage A or B will be paid to the mortgagee. In this case, the Yohe property was subject to a mortgage at the time of the fire and therefore, it is Plaintiff's position that the mortgage company is an additional payee under the terms of the policy.

9

I. **STIPULATIONS**

The parties stipulate to the following:

1) Brian Yohe and Jill Yohe are the named insureds pursuant to AMCO Insurance Company policy # HOM 045960401.

2) The subject AMCO Insurance Company policy # HOM 045960401 was in full force and effect on May 5, 2014.

3) The subject AMCO Insurance Company policy # HOM 0045960401 provides for a $500 deductible.

4) The Property is deeded to Brian Yohe and Kathleen Smith (Yohe).

5) Relative to the Dwelling (Coverage A) it is agreed the damage is as follows:

    - Replacement Cost      $152,918.41
    - Less Depreciation     ($ 23,668.73)
    - Actual Cash Value     $129,249.68

6) Relative to the Personal Property (Coverage C) it is agreed the damage is as follows:

    - Replacement Cost      $ 43,013.15
    - Less Depreciation     ($ 12,903.94)
    - Actual Cash Value     $30, 109.21

7) Personal property required remediation costs of $2,788.98 (in addition to the personal property damage).

J. **ESTIMATED NUMBER OF TRIAL DAYS**

Plaintiff anticipates that the trial of this matter will last 6-7 days.

K. **OTHER PERTINENT MATTERS**

None at this time.

L. **SCHEDULE OF EXHIBITS**

Please see Plaintiff's Schedule of Trial Exhibits attached hereto.

## M. SPECIAL VERDICT QUESTIONS

None at this time.

                               **MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

By: _/s/ James H. Cole_

James H. Cole, Esquire
Attorney I.D. #84039
10 N. Main Street, 2nd Floor
Doylestown, PA 18901
(267)-880-2026
jhcole@mdwcg.com

## CERTIFICATE OF SERVICE

I, James H. Cole, Esquire, hereby certify that a true and correct copy of the Plaintiff's Pre-Trial Memorandum was served on the below party upon this date via ECF system to the following address:

Charles T. Young, Esquire
**Griffith, Strickler, Lerman, Solymos & Calkins**
110 S. Northern Way
York, PA 17402-3737

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By: *(signature)*

James H. Cole, Esquire
Attorney I.D. #84039
10 N. Main Street, 2nd Floor
Doylestown, PA 18901
(267)-880-2026
jhcole@mdwcg.com
Attorney for Plaintiff, AMCO Insurance Company

Date: May 12, 2016

## LIST OF EXHIBITS

**CASE CAPTION:** AMCO v. Brian and Jill Yohe

**MIDDLE DISTRICT OF PENNSYLVANIA**

**CASE NUMBER: 1:15-cv-00053**

**JUDGE:** Hon. Christopher Conner

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| 1 | | AMBER YOHE - DEP | | | | |
| 2 | | ANDREA DAMATO - DEP | | | | |
| 3 | | TROOPER BRADLEY DUNHAM – DEP | | | | |
| 4 | | TROOPER BRADLEY DUNHAM – EXHIBITS TO DEP | | | | |
| 5 | | BRIAN YOHE – EXAMINATION UNDER OATH | | | | |
| 6 | | DAVID MESSINGER - DEP | | | | |

| | | |
|---|---|---|
| 7 | DET. JARED AUMAN - DEP | |
| 8 | JILL YOHE – EXAMINATION UNDER OATH | |
| 9 | JILL YOHE – EXHIBITS TO EXAMINATION UNDER OATH | |
| 10 | KATHLEEN SMITH - DEP | |
| 11 | KATIE PANDOLI - DEP | |
| 12 | MARC JACKSON - DEP | |
| 13 | MARC JACKSON – EXHIBITS TO DEP | |
| 14 | MERLE REESE - DEP | |
| 15 | SHARON MYERS - DEP | |
| 16 | STEVE ZINNEMAN - DEP | |

| | | |
|---|---|---|
| 17 | 15 MAY 2014 HANOVER FOODS SECURITY INCIDENT REPORT | |
| 18 | 16 JUNE 2014 NATIONWIDE PHOTOS | |
| 19 | 17 MAY 2014 BERKS FIRE WATER RESTORATION INC. ESTIMATE | |
| 20 | 22 MAY 2014 BERKS FIRE WATER RESTORATION INC. ESTIMATE | |
| 21 | AFFIDAVIT OF JOSEPH MILLIKEN | |
| 22 | AFFIDAVIT OF KENNETH KUHN | |
| 23 | ANDREA DRAGONE PERSONAL PROPERTY ESTIMATE | |
| 24 | DEFENDANTS' ANSWER | |
| 25 | UNDERWRITING RECORDS | |

| 26 | CERTIFIED POLICY | | | |
|---|---|---|---|---|
| 27 | DIVORCE DECREE | | | |
| 28 | EAGLEVIEW REPORT | | | |
| 29 | HANOVER BOROUGH POLICE DEPT. INCIDENT REPORT NO. 1 | | | |
| 30 | HANOVER BOROUGH POLICE DEPT. INCIDENT REPORT NO. 2 | | | |
| 31 | HANOVER FIRE DEPT. INCIDENT REPORT RE: BUILDING FIRE | | | |
| 32 | LEASE AGREEMENT | | | |
| 33 | LOBAR ASSOCIATE RETIREMENT PLAN | | | |
| 34 | MARC JACKSON DWELLING PROPERTY ESTIMATE | | | |

| 35 | MARC JACKSON PROPERTY LARGE LOSS REPORT | | | |
|---|---|---|---|---|
| 36 | MARKI RESTORATION SERVICE INC. ESTIMATE | | | |
| 37 | NATIONWIDE PHOTOS | | | |
| 38 | PENNSYLVANIA STATE POLICE PHOTOS | | | |
| 39 | PENNSYLVANIA STATE TROOPER FIRE INVESTIGATION REPORT | | | |
| 40 | 27 JUNE 2014 PLICK & ASSOCIATES REPORT | | | |
| 41 | PROPERTY DEED.PDF | | | |
| 42 | RECORDED STATEMENT OF JILL YOHE | | | |


Case 1:15-cv-00053-CCC   Document 41   Filed 05/12/16   Page 18 of 18

| | |
|---|---|
| 43 | SELECT ACTIVITY LOGS |
| 44 | 24 JUNE 2015 NATIONWIDE PHOTOS |
| 45 | 22 JUNE 2015 MALTESE FIRE INVESTIGATION CAUSE & ORIGIN REPORT |
| 46 | 6 MARCH 2016 MALTESE FIRE INVESTIGATION SUPPLEMENTAL REPORT |
| 47 | ANDREA DAMATO MAP USED AT DEP |
| 48 | PLAINTIFF'S COMPLAINT |
| 49 | BRIAN AND JILL YOHE'S ANSWERS AMCO'S DISCOVERY REQUESTS |
| 50 | PENNSYLVANIA STATE POLICE LAB RESULTS |