IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMCO INSURANCE COMPANY,** | : | CIVIL ACTION NO. 1:15-CV-53 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **BRIAN YOHE AND JILL YOHE,** | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 18th day of May, 2016, upon consideration of the pretrial conference held on May 17, 2016, during which the court and the parties discussed the scope of the jury's inquiry at trial, to wit: whether the issues of applicability of the "Intentional Loss" and "Concealment or Fraud" provisions in the home insurance policy of defendants Brian and Jill Yohe ("the Yohes") are separate and distinct issues in the context of the instant litigation, and it appearing that plaintiff AMCO Insurance Company ("AMCO") seeks to establish intentional loss at trial by proving that Jill Yohe caused the subject fires at the Yohes' home, (see Doc. 41), and that AMCO also seeks to establish that Jill Yohe misrepresented material facts when she denied or concealed causing the fires, (id.), and the court noting that the issue of concealment or fraud thus depends upon proof that Jill Yohe caused the fires at the Yohes' home and is therefore redundant of the issue of intentional loss, and the court concluding that in this circumstance "it [is] unnecessary to instruct the jury" as to concealment or fraud, see Am. Home Assur. Co. v. Sunshine Supermarket, Inc., 753 F.2d 321, 326 (3d Cir. 1985), and that only the intentional loss

issue is appropriate for determination at trial, and further upon consideration of the parties' pretrial memoranda (Docs. 41, 42, 45, 47) addressing, *inter alia*, the appropriate standards of proof for the dispositive legal issues, and the court noting that intentional loss must be proved by a preponderance of the evidence, see Saracco v. Vigilant Ins. Co., No. 99-3502, 2000 WL 202274, at *2 (E.D. Pa. Feb. 22, 2000) (citing Mele v. All-Star Ins. Corp., 453 F. Supp. 1338, 1341 (E.D. Pa. 1978)); Doylestown Dodge, Inc. v. Great Am. Ins. Co., No. 81-3651, 1985 WL 3285, at *5 (E.D. Pa. Oct. 25, 1985) (collecting cases), and that the parties apparently agree on said standard (see Docs. 41, 42), it is hereby ORDERED that the scope of the jury's inquiry at trial in the above-captioned matter will be limited to the issue of intentional loss, which shall be governed by a preponderance of the evidence standard.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania