IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMCO INSURANCE COMPANY,** | : | CIVIL ACTION NO. 1:15-CV-53 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **BRIAN YOHE AND JILL YOHE,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 31st day of May, 2016, upon consideration of the motion (Doc. 24) *in limine* filed by plaintiff AMCO Insurance Company ("AMCO") requesting that the court exclude from admission at trial any reference to or evidence of other intentionally set fires in the area of the subject fire or other potential arson suspects, including: (1) a series of arson fires allegedly committed by Derek Graham; (2) a fire at the Dial-A-Temp Agency; (3) a vehicle fire on Moul Avenue and proximate vehicle fires the same night; and (4) an unidentified man observed on the morning of the fire, (see Docs. 25, 32), all of which evidence AMCO urges is irrelevant or prejudicial, (Doc. 25), and further upon consideration of the brief (Doc. 32) in opposition filed by defendants Brian and Jill Yohe ("the Yohes") wherein they argue that the evidence is relevant to establish the existence of other potential suspects for the subject fire and to evaluate the investigation of said fire, and the court observing that relevant evidence is that which has a tendency to make a fact of consequence in the matter "more or less probable than it would be without the evidence," FED. R. EVID. 401, that there is "a strong presumption that relevant

evidence should be admitted," Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343 (3d Cir. 2002), and that a court may, in its discretion, "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury," FED. R. EVID. 403, and it appearing that AMCO asserts that the Yohes are not entitled to insurance benefits because "all of the evidence directly links" Jill Yohe to the incendiary fire at the Yohes' home, (see Doc. 41), and the court finding that the above-enumerated evidence is potentially relevant to the instant litigation and that the dangers specified in Rule 403 do not "substantially outweigh[ ]" its probative value, FED. R. EVID. 401, 403, but rather that the jury may appropriately assess whether a causal nexus exists with respect to the subject fire and the other fires or suspects, it is hereby ORDERED that the motion (Doc. 24) is DENIED without prejudice to AMCO's right to renew its relevance objection at trial after the defendants' provision of a specific factual foundation.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania