IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMCO INSURANCE COMPANY,** | : | CIVIL ACTION NO. 1:15-CV-53 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **BRIAN YOHE AND JILL YOHE,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 31st day of May, 2016, upon consideration of the motion (Doc. 22) *in limine* filed by plaintiff AMCO Insurance Company ("AMCO") requesting that the court exclude from admission at trial any reference to or evidence of the absence of criminal prosecution for arson including arrest, indictment, or conviction of defendants Brian and Jill Yohe ("the Yohes"), and further upon consideration of the Yohes' brief (Doc. 35) in opposition wherein they urge that they should not be precluded from using evidence of their non-prosecution in rebuttal at trial in this action, and the court observing that relevant evidence is that which has a tendency to make a fact of consequence in the matter "more or less probable than it would be without the evidence," FED. R. EVID. 401, but that the court may, in its discretion, "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury," FED. R. EVID. 403, and the court finding that, as a general rule, evidence of non-prosecution of arson is inadmissible to disprove arson in a civil case by reason of its limited probative value and

prejudicial risk, see Johnson v. Elk Lake Sch. Dist., 283 F.3d 138, 147 (3d Cir. 2002) (citing Am. Home Assur. Co. v. Sunshine Supermarket, Inc., 753 F.2d 321, 325 (3d Cir. 1985)); Ryder Truck Rental, Inc. v. Nationwide Mut. Ins. Co., Nos. 92-6033, 92-6087, 1993 WL 210563, at *2 (E.D. Pa. June 8, 1993), and it appearing that the parties do not dispute this rule, (Docs. 23, 35), and the court concluding that any specific ruling on the admissibility of the Yohes' non-prosecution for rebuttal purposes would be premature at this juncture as that evidence is not before the court, and is most appropriately addressed at trial, it is hereby ORDERED that AMCO's motion (Doc. 22) is GRANTED without prejudice to the Yohes' right at trial to request the opportunity to present rebuttal testimony addressing the issue of non-prosecution.

      /S/ CHRISTOPHER C. CONNER
      Christopher C. Conner, Chief Judge
      United States District Court
      Middle District of Pennsylvania